**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **T.T.,** | * |
| A minor, by his mother | * |
| and next friend, | * |
| **NORMA E. GALES** | * |
| 925 K Street, N.E. | * |
| Washington, D.C. 20002 | * |
| | * |
| and | * |
| | * **Civil Action No:** |
| **NORMA E. GALES** | * |
| 925 K Street, N.E. | * |
| Washington, D.C. 20002 | * |
| Plaintiffs | * |
| | * |
| v. | * |
| | * |
| | * |
| DISTRICT OF COLUMBIA | * |
| A municipal corporation, | * |
| 1350 Pennsylvania Ave., N.W. | * |
| Washington, D.C. 20004 | * |
| | * |
| Serve on: | * |
| Attorney General of D.C. | * |
| One Judiciary Square | * |
| 441 4th Street, N.W., Suite 600 | * |
| Washington, D.C. 20001 | * |
| | * |
| and | * |
| | * |
| Mayor Anthony Williams | * |
| Office of the Secretary | * |
| 1350 Pennsylvania Avenue, Ste. 419 | * |
| Washington, DC 20004 | * |
| | * |
| and | * |
| | * |
| **CLIFFORD B. JANEY** | * |
| The Superintendent, | * |
| District of Columbia Public Schools | * |
| 825 North Capitol Street, NE | * |
| Washington, D.C. 20002 | * |
| Defendants(s) | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2.      T.T. is a nine year old child with disability in the custody of his mother, Norma E. Gales in the District of Columbia, and is eligible for services pursuant to IDEIA and section 504. The mother brings this action on his behalf and in their own right.

3.      The District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA and section 504.

4.      Clifford B. Janey is the Superintendent of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate education and that their rights to equal protection of the law and due process of law are respected.

## FACTS

5.      T.T. is a 9 year old emotionally disturbed child receiving special education and related services at Payne Elementary School. She spends 100% of her time out-of-general education.

2

6.   T.T. has been attending Payne Elementary School since 2003 and is not progressing. She continues to exhibit behavioral and academic problems, lack of focus, distraction and inattentiveness some of which appear to be attributed to ADHD.

7.   DCPS convened an MDT meeting on 8/2/05, whereby the team recommended a full time therapeutic center with on-site crisis intervention and a psychologist for T.T., because her behavior has not improved.

8.   During the MDT meeting on 8/2/05, the Plaintiffs requested that T.T. be placed at Accotink Academy or Kennedy Institute because it would provide T.T. the therapeutic environment needed for her education. This request was rejected by DCPS for no apparent reason.

9.   DCPS determined that it would send T.T.'s IEP to the Site Review Consideration Team to make an appropriate placement decision for T.T. before the beginning of the school. After the 8/2/05 meeting, DCPS sent T.T.'s IEP and evaluations to DCPS Site Review Committee. The Site Review Committee recommended two alternative fulltime placements Taft Center and Hamilton Center. Norma Gales the mother of T.T is not a member of this Site Review Consideration Team and thus cannot participate in making the placement decision.

10.   On August 25, 2005, the MDT team reconvened to discuss and determine placement for T.T., whereby DCPS offered both Hamilton Center and Taft Center as full-time therapeutic placement for T.T. DCPS failed to consider school of parent's choice in its placement decision. DCPS subsequently issued a prior notice of placement to Hamilton Center.

11.   DCPS did not provide Norma Gales any information during or after the MDT meeting to show that Hamilton Center is an appropriate placement for T.T., or that it will provide T.T.'s individual needs.

12.	DCPS stipulated during the due process hearing on October 31, 2005 that Accotink Academy, school of parent's choice offers a program that is reasonably calculated to provide educational benefits to T.T., yet it failed to consider Accotink.

13.	T.T.'s most recent IEP although inappropriate, has not been appropriately implemented because DCPS has failed to provide the services in a full time therapeutic center as recommended by the MDT.

14.	A due process hearing took place on October 31, 2005. The Hearing Office issued a determination on November 7, 2005, holding that DCPS complied with IDEA and did not deny FAPE to T.T.

## COUNT I

15.	Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

16.	Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEA and section 504.

## COUNT II

17.	Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

18.	Defendants violated IDEA and denied Plaintiffs due process when it failed to consider school of parent's choice and did not include parent as part of the team to make placement decision for T.T.

## COUNT III

19.	Plaintiff adopts and incorporates preceding paragraphs as if fully set forth herein.

20.	Defendants violated IDEA by stripping the MDT of its ability to fully comply with IDEA, when it issued a notice of placement without a description that the program offered at Hamilton Center is reasonably calculated to provide educational benefits to T.T.

4

## **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for plaintiffs and against defendants on all aforementioned counts;

2. Issue appropriate injunctive relief requiring defendants to place and fund T.T. at Accotink Academy for the remainder of the school year;

3. Issue an order awarding compensatory education to the plaintiff;

4. Order that the November 7, 2005, Hearing Officer's Decision be reversed, finding denial of a free, appropriate, public education by DCPS;

5. Award plaintiffs attorneys' fees and the costs of this action; and

6. Award any other and further relief the Court deems just and proper.

                                Respectfully submitted,
                                THE IWEANOGES' FIRM P.C.

By:_____/s/_____
                Jude C. Iweanoge, Bar #493241
                1010 Vermont Avenue, NW, Suite 600
                Washington, D.C. 20005
                Phone: (202) 347-7026
                Fax: (202) 347-7108
                Email: jci@iweanogesfirm.com