UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NORMA E. GALES *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06 – 0207 (JDB) |
| DISTRICT OF COLUMBIA, *et al*., | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' MOTION TO DISMISS**

Come now defendants, District of Columbia and Clifford Janey, by and through counsel, and move this Court to dismiss the Complaint, pursuant to FRCP 12 (b)(6), on the grounds that the Complaint fails to state a claim upon which relief can be granted. The grounds for said motion are set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Assistant Attorney General
441 4th Street, N.W.

Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625

April 4, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMA E. GALES, *et al.* | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 06 – 0207 (JDB) |
| DISTRICT OF COLUMBIA, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**Preliminary Statement**

On February 6, 2006, plaintiffs filed a Complaint pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sec. 1400, *et seq.,* in which they appeal a Hearing Officer's Determination ("HOD") issued on November 7, 2005.

**ARGUMENT**

*1.  Plaintiffs' claim is barred by the applicable statute of limitations.*

Under the IDEA, any party aggrieved by the findings and decisions rendered by a state educational agency "shall have the right to bring a civil action with respect to the complaint presented…in any State court of competent jurisdiction or in a district court of the United States …." 20 U.S.C. Sec. 1415(e)(2) (1990).  The IDEA does not set a time limit for actions brought under its provisions.  When a federal statute does not contain a limitations period "it is well-settled that federal courts may 'borrow' one from an analogous state cause of action, provided that the state limitations period is not inconsistent with underlying federal policies." *Spiegler, et al., v. District of Columbia, et*

3

*al*. 866 F.2d 461, 463 (D.C. 1989) (cited cases omitted).  In *Spiegler* the DC Circuit, in a case of first impression, concluded that "the 30-day local limitations period for petitions for review of administrative decisions is not inconsistent with federal policies and therefore may be adopted for actions under section 1415(e)(2)".  *Id.* at 469.[1]

      The Court further found that "the relatively short limitations period is also tempered by the Act's provision for re-evaluation of the placement decision at least annually.  See Sec. 1414(a)(5).  Each new placement decision will trigger a new 30-day period within which to file a claim.  If the parents or guardians therefore decide not to seek judicial review of a particular administrative decision within the limitations period, the most they would lose would be the educational placement for that school year…." *Id.* at 468.  The Court also found significant the fact that the parties did not have to prepare for trial during the 30 days allowed, "they must only decide whether to continue their litigation efforts".  *Id*. at 468.

      In the instant case, the Hearing Officer issued his decision on November 7, 2005.  (Complaint at 4, par. 14)  (Def. Ex. 1)  At the end of the decision it states in boldface that "[t]his is the final administrative decision in this matter.  Appeals on legal grounds may be made to a court of competent jurisdiction within thirty (30) days of the date of this determination." (*Id*. at 5). Accordingly, plaintiffs, who were represented at the hearing by counsel, were given clear notice of the availability of judicial review and of the relatively short statute of limitations.  Plaintiffs needed to file their Complaint by December 7, 2005.  However, plaintiffs did not file their complaint until February 6, 2006, almost two

---

[1] Subsequent rulings by courts in this jurisdiction have followed *Spiegler*.  E.g., *Smith v. Squillacote,* 800 F.Supp. 993, 996 (D.D.C. 1992).

4

months after the statutory time had expired.  Accordingly, plaintiffs' Complaint is time barred and this Court has no jurisdiction over the instant subject matter.

## CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss should be granted and plaintiffs' Complaint should be dismissed with prejudice.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia


        GEORGE C. VALENTINE
        Deputy Attorney General


        /s/ Edward P. Taptich
        EDWARD P. TAPTICH [012914]
        Chief, Equity, Section 2


        /s/ Maria L. Merkowitz
        MARIA L. MERKOWITZ [312967]
        Senior Assistant Attorney General
        441 4th Street, N.W.
        Sixth Floor North
        Washington, DC 20001
        (202) 442-9842
        FAX  -  (202) 727-3625

April 4, 2006

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMA E. GALES *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 06-0207 (JDB) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **ORDER**

Upon consideration of Defendants' Motion to Dismiss, Plaintiffs' Opposition to the same, and the entire record herein, it is this _____ day of _____ 2006, hereby

ORDERED, that Defendants' Motion to Dismiss is GRANTED, and,

IT IS FURTHER ORDERED, that Plaintiffs' Complaint is dismissed with prejudice.

_____

Judge John D. Bates

6