**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NORMA E. GALES, et al** * | |
| Plaintiffs * | |
| * | **Civil Action No:06-0207 (JDB)** |
| v. * | |
| * | |
| * | |
| **DISTRICT OF COLUMBIA, et al** * | |
| Defendants * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, the Plaintiffs, Norman E. Gales and T.T., a minor, by and through their attorneys Jude C. Iweanoge, Esquire and THE IWEANOGES' FIRM, P.C. and respectfully requests this Honorable Court to deny Defendant's Motion to Dismiss Plaintiffs Complaint as time barred. Memorandum of points and authorities supporting Plaintiffs Opposition to Defendants motion to dismiss is attached hereto.

                                                      Respectfully submitted,
                                                      THE IWEANOGES' FIRM P.C.


                                                      By:_____/s/_____
                                                          Jude C. Iweanoge
                                                          Federal District Building-Suite 600
                                                          1010 Vermont Avenue, NW
                                                          Washington, DC 20005
                                                          Phone: (202) 347-7026
                                                          Fax: (202) 347-7108
                                                          Email: jci@iweanogesfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NORMA E. GALES, et al** | * | |
| Plaintiffs | * | |
| | * | **Civil Action No:06-0207 (JDB)** |
| v. | * | |
| | * | |
| | * | |
| **DISTRICT OF COLUMBIA, et al** | * | |
| Defendants | * | |

**************************************

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORTS OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### PROCEDURAL POSTURE

On or about February 6, 2006, Plaintiffs filed a Complaint pursuant to Individuals with Disabilities Education Act ("IDEA"), premised on Defendants violation of Plaintiffs' rights under the IDEA.

On or about March 4, 2006, Defendant filed a motion to Dismiss Plaintiffs' Complaint contending that Plaintiff claim is barred by the applicable statute of limitation.

### STANDARD OF REVIEW

Federal Rules of Civil Procedure, Rule 12(b)(6) provides that a claim may be dismissed for failing to state a claim upon which relief can be granted. The legal standard for a motion to dismiss pursuant to Rule 12(b)(6) is that the complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, (1957). The court accepts as true all of the complaint's factual allegations giving "the benefit of all inferences that can be derived from the facts alleged," <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The factual allegations of the complaint must be presumed

true and liberally construed in favor of the plaintiff. *See Shear v. National Rifle Association of America*, 606 F.2d 1251, 1253 (D.C. Cir. 1979). Dismissal is only proper if, after the allegations of the complaint are construed in the light most favorable to the plaintiff, the facts and allegations in the complaint would fail to afford the plaintiff relief if proven. *Ezra v. Pedas*, 682 A.2d 173, 174 (D.C. 1996). The defendants' have failed to make a showing that the complaint fails to state a claim upon which relief can be granted.

I.   **PLAINTIFF'S CLAIM SHOULD NOT BE DISMISSED BECAUSE IT WAS FILED WITHIN THE TIME MANDATED BY IDEA**

Defendants contend in their motion that IDEA does not specify a limitation period for challenging a due process hearing determination. In addition, Defendants relies on *Spiegler v. District of Columbia*[1], 866 F.2d 461 (D.C. Cir. 1989), for the proposition that this Court should borrow the 30-day local limitation period applicable to appeal of administrative decisions. Defendants' contention that Plaintiffs claim is time barred by the applicable statute of limitation is without merit and must fail.

Defendant's bald assertion that IDEA does not specify a limitation period is utterly incorrect. The Individual with Disabilities Education Act ("IDEA") 20 U.S.C. §1415(i)(2)(B), as amended and effective July 1, 2005, states in pertinent parts:

> The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows.

---

[1] In *Spiegler*, the court was mindful that a compressed appeal period could impose hardship on parents resulting in the imposition of strict notice requirement on local agencies and the incorporation of the states tolling ruling with the underlying limitations period to the extent they are not inconsistent with federal law. 866 F.2d at 467-69.

20 U.S.C. §1415(i)(2)(B). Clearly, in light of the above stated provision of the IDEA, it is undisputed that IDEA mandates that an action can be brought within 90 days from the date of the hearing officer's decision except where the state has an explicit time limitation.

In the case *sub judice*, Defendants concede that there is no explicit time limitation in the District of Columbia to appeal the decision of a hearing officer. Therefore the applicable statute of limitation would be 90 days pursuant to 20 U.S.C. §1415(i)(2)(B).

Rule 15(a) of the District of Columbia Court of Appeals grants additional five (5) days from the date of the mailing of the decision or order to file a petition for review of agency order, if the decision was made outside the presence of the parties. See Flores v. D.C. Rental Housing Commission et al, 547 A.2d 1000, 1003 (D.C. 1988). In the instant case, the Hearing Officer's decision was not made in the presence of the parties; therefore, Plaintiffs' had ninety-five (95) days within which to file a complaint.

Since Plaintiffs' complaint would have been timely if filed within 95 days of the decision in Superior Court of District of Columbia, it would result in inconsistent result if the United States District Court for the District of Columbia finds D.C.C.A. Rule 15(a) inapplicable to a complaint for review filed before it.

Since the hearing officer's determination was issued on November 7, 2005, Plaintiffs Complaint is timely and should not be dismissed.

II. **PLAINTIFFS' COMPLAINT WAS TIMELY FILED AND THE COURT HAS JURISDICTION TO HEAR THIS CASE**

It is well settled that before a parent may challenge a school district's action under the IDEA, the parent must first exhaust the administrative remedies available under the statute. § 1415(l). A plausible reading of the provisions of IDEA shows that it does not limit a parent's

ability to file a civil action for a school district's violation of the IDEA provided the administrative remedies have been exhausted and the complaint is filed within 90 days. In fact, the complaint in this case is not fashioned solely as an appeal from the hearing officer's finding and decisions regarding T.T. While the action stems from the parties involvement in the administrative hearing process, none of the enumerated three counts to the complaint challenges the propriety of the hearing officer's decision in T.T.'s case, but instead challenges DCPS violation of the protections described in the IDEA. See e.g. Fallis v. Ambach, 710 F.2d 49 (2d Cir. 1983) (recognizing that District Court had subject matter jurisdiction over claims by Plaintiffs that state violated procedural safeguards provision of the IDEA) Therefore, this case cannot be characterized as a civil action pursuant to 20 U.S.C. § 1415(e)(2).

In sum, the Court has subject matter jurisdiction over Plaintiffs complaint for violation of IDEA, which was filed within 90 days of the hearing officer's decision as contemplated by the statute.

**CONCLUSION**

The Court should deny Defendants motion to dismiss because Plaintiffs complaint is proper and was filed within the applicable statute of limitation.

Respectfully submitted,
THE IWEANOGES' FIRM P.C.

By:_____/s/_____
    Jude C. Iweanoge
    Federal District Building-Suite 600
    1010 Vermont Avenue, NW
    Washington, DC 20005
    Phone: (202) 347-7026
    Fax: (202) 347-7108
    Email: jci@iweanogesfirm.com

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on 4th May 2006 a copy of the foregoing document was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will notify the Defendants through the court's e-file system.

                                                                                       _____/s/_____
                                                                                               Jude C. Iweanoge

6