UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NORMA E. GALES *et al.* )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 06-207 (JDB) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

In the above captioned case plaintiffs did not file an appeal from an administrative decision brought under the Individuals with Disabilities Education Act ("IDEA"), 20U.S.C. Sec. 1400, *et seq.,* until ninety one days after the Hearing Officer issued his decision. Defendants contend that dismissal is warranted because plaintiffs did not file their appeal within thirty days after the agency's decision as mandated by *Spiegler v. District of Columbia,* 866 F.2d 461 (D.C. Cir. 1989).

In their Opposition to Defendants' Motion to Dismiss plaintiffs claim their appeal was timely, citing 20 U.S.C. Sec. 1415 (1)(2)(B), which provides that:

> The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, <u>if the State has an explicit time limitation for bringing such action under this part, in such time as the State law allows.</u>  (Emphasis added).

While it is true that the first part of 20 U.S.C. Sec. 1415 (1)(2)(B) sets forth a 90 day statue of limitations within which to bring an appeal of a hearing officer's decision, the second part of the cited section very clearly states that a different time frame governs if the State has an explicit time limitation for bringing the action.  Here, in the District of

Columbia, D.C. Court of Appeals Rule 15(a) is the applicable law which governs the review of an agency order. Rule 15 (a) provides that a petition for review must be filed within 30 days. This 30 day time limit is mandatory and jurisdictional. Once the time prescribed by the Rule has passed, the court is without power to hear the case. *Flores v. District of Columbia Rental Housing Commission*, 547 A2d 1000, 1003 (1988), cert. denied, 490 U.S. 1081 (1989) and the cases cited therein.

"[U]nder *Spiegler v. District of Columbia,* 866 F.2d 461 (D.C. Cir. 1989), this Circuit has, for purposes of IDEA, borrowed the thirty-day appeal period for review of administrative decisions from D.C. Court of Appeals Rule 15(a)." *R.S. vs. District of Columbia*, Civil Action No. 03-1811(Mem Op. Nov. 17, 2003).

Additionally, most other courts addressing the issue have similarly adopted abbreviated periods for the filing of court actions under IDEA. See, e.g., *King v. Floyd County Board of Education*, 228 F.3rd 622 (6th Cir. 2000); *Wagner v. Logansport Community School Corporation*, 990 F.Supp. 1099 (N.D. Ind. 1997); *Gertel v. School Committee o*f t*he Brookline School District,* 783 F.Supp. 701 (D. Mass. 1992).

While plaintiffs appear to acknowledge that Rule 15(a) governs appeals of agency decisions they seem to believe that the statute would confer a total of 95 days, if a decision is made outside the presence of the parties, whether an appeal is made in D.C. Superior Court or in D.C. District Court. (Opp. at 4) This is not the case, and plaintiffs cite no law that would provide for such a time frame.

Accordingly, for the above stated reasons and those set forth in Defendants' Motion to Dismiss, the instant Complaint should be dismissed.

       Respectfully submitted,

       ROBERT J. SPAGNOLETTI
       Attorney General for the District of Columbia


       GEORGE C. VALENTINE
       Deputy Attorney General

       <u>/s/ Edward P. Taptich</u>
       EDWARD P. TAPTICH [012914]
       Chief, Equity, Section 2

       <u>/s/ Maria L. Merkowitz</u>
       MARIA L. MERKOWITZ [312967]
       Senior Assistant Attorney General
       441 4th Street, N.W.
       Sixth Floor North
       Washington, DC 20001
       (202) 442-9842
       FAX  -  (202) 727-3625

May 4, 2006