UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

T.T., et al.,

    Plaintiffs,

        v.

DISTRICT OF COLUMBIA, et al.,

    Defendants.

Civil Action No. 06-0207 (JDB)

## MEMORANDUM OPINION

T.T. is a nine-year old child with emotional disabilities. Compl. at 2-3 ¶¶ 5-6. T.T. and her mother, Norma E. Gales, filed this action on January 26, 2005, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, et seq., appealing a Hearing Officer Determination ("HOD") issued on November 7, 2005. The HOD specifically stated that it constituted "the final administrative decision in th[e] matter" and that "[a]ppeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering" of the decision. Defs.' Exh. 1 at 5. Defendants moved to dismiss the complaint, claiming that plaintiffs exceeded the thirty-day statute of limitations by approximately two months. Defs.' Mem. Supp. at 5. According to defendants, the limitations period has been set at thirty days pursuant to District of Columbia Superior Court Rule 15(a) and Spiegler v. District of Columbia, 866 F.2d 461 (D.C. Cir. 1989). See id. at 3, 4; Defs.' Reply at 1, 2. For the reasons that follow, the Court will deny defendants' motion.

## ANALYSIS

Spiegler held that because the IDEA was "silent as to a limitations period" for actions brought in federal court to challenge HODs, a time proscription could be "borrowed" from state law to fill the gap. 866 F.2d at 463. The facts of Spiegler specifically involved § 1415(e)(2). The IDEA did not, when Spiegler was decided in 1989, include a default statute of limitations period. District of Columbia Superior Court Rule 15(a), however, established one for analogous actions. Under that provision, a petition for review of an agency decision or order must be filed within thirty-days of the date on which notice of the decision is provided to the party seeking review. Because the IDEA was "silent" as to a time proscription, the D.C. Circuit applied the Rule 15(a) limitations period to appeals of HODs under the IDEA. See 866 F.2d at 463, 469.

In 2004, Congress passed the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, 118 Stat. 2647 (2004), which amended the IDEA. Section 1415(i)(2)(B) now states that the party bringing an action for review of an HOD under the IDEA

> shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows.

20 U.S.C. § 1415(i)(2)(B). Hence, the provision establishes a limitations period of ninety days unless state law expressly sets a different time limit for parties to file petitions for review of HODs under the IDEA.

Defendants argue that the composite of Spiegler and Rule 15(a) constitute an "explicit time limitation" under state law, thereby rendering the ninety-day rule in § 1415(i)(2)(B) inapplicable. In response, plaintiffs submit that Spiegler addressed § 1415(e)(2), which concerns appeals of HODs. Plaintiffs characterize the complaint not as an appeal of an HOD under § 1415(e)(2), but rather as a "challenge[] [to] DCPS['] violation of the protections described in the

IDEA."  Pls.' Opp'n at 5.  Thus, it appears that plaintiffs do not dispute defendants' contention that Spiegler and Rule 15(a) establish the relevant limitations period for actions pursuant to § 1415(e)(2) -- instead, it appears that plaintiffs argue that the thirty-day limitations period is inapplicable because their action was filed under § 1415(i)(2)(B).  According to plaintiffs, then, there is no explicit limitations period for § 1415(i)(2)(B) actions under District of Columbia law; hence, the ninety-day federal limitations period applies.[1]  Plaintiffs never address the substance of defendants' arguments based on Spiegler.

In recent months, a split of authority has developed regarding which statute of limitations period currently applies to  actions like that brought by plaintiffs.  Compare Anthony v. District of Columbia, -- F. Supp. 2d --, 2006 WL 1442242 (D.D.C. May 22, 2006), and Parker v. District of Columbia, -- F. Supp. 2d --, 2006 WL 1442383, at *2 n.3 (D.D.C. May 22, 2006), with Cummings v. District of Columbia, -- F. Supp. 2d --, 2006 WL 1126811 (D.D.C. Mar. 31, 2006).  These cases involved HODs with the same thirty-day language as the one in this case.  Anthony adopts the view that, in the wake of the 2004 amendment to the IDEA, the ninety-day limitations period applies because notwithstanding Spiegler and Rule 15(a), there is no explicit governing state limitations period for such IDEA actions.  Anthony, 2006 WL 1442242, at *2; see also Parker, 2006 WL 1442383, at *2 n.3.  Cummings, in contrast, never addresses Spiegler or Rule 15(a).  Instead, Cummings considers the thirty-day language at the end of the HOD itself to

---

[1]Despite plaintiffs' contentions, it is plain that the complaint challenges the accuracy of the HOD and seeks to have it overturned.  Accordingly, it is properly considered an appeal of the HOD, and plaintiffs' attempts to draw fine distinctions are unavailing.  Plaintiffs' argument is perplexing and ultimately without significance, because the issue would be analyzed the same way in any event -- the question is which statute of limitations applies to actions filed in federal court challenging administrative IDEA proceedings at the state level.  It matters not how plaintiffs describe the complaint.

constitute "an explicit time limitation for bringing such action under [the IDEA]." See Cummings, 2006 WL 1126811, at *3. Specifically, Cummings states that the "HOD informed [plaintiffs] that '[a]ppeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision'" and that this time limit "is made mandatory by [the] IDEA" under § 1415(i)(2)(B) because "the District of Columbia is considered a State, and its requirement that parties appeal an HOD within thirty days is controlling." Id.[2]

This Court declines to adopt the rationale of Cummings. To begin with, the thirty-day language at the end of the HOD appears to be a boilerplate inclusion by agency personnel (which never cites any provision of law for support), likely adopted following Spiegler and transferred from one decision to the next ever since. It is not, the Court concludes, an explicit state limitations period for IDEA actions as contemplated by § 1415(i)(2)(B). Rule 15(a), of course, broadly addresses petitions for review as a class, without ever mentioning actions that challenge HODs rendered under the IDEA. Such a generic statement does not satisfy the specific requirements of § 1415(i)(2)(B)'s plain language, under which the state law must explicitly set a time limitation for actions brought "under th[at] subchapter" of the U.S. Code (emphasis added). In the Court's view, the import of Spiegler is that when a federal statute includes no statute of limitations, a court may apply a time proscription drawn from a state law provision that addresses an analogous action, as long as doing so will not frustrate the policies that underpin the federal statute. See 866 F.2d at 463-64. Spiegler's adoption of the Rule 15(a) limitations period was

---

[2]The complaint in Cummings was, in fact, untimely under either a thirty- or ninety-day limitations period, having been filed nine months after the latest HOD. See id.

premised on the IDEA's lack of a statute of limitations at that time.  Id. at 463.  But Congress has now spoken on the issue.  Simply put, Spiegler addressed "silence . . . [that] ha[s] been replaced by a clear word from Congress."  Anthony, 2006 WL 1442242, at *2.  The 2004 amendment established a statute of limitations that applies to IDEA appeals unless there is an explicit state law expressly to the contrary.  § 1415(i)(2)(B).  There is no such express law in the District of Columbia.  Accordingly, the applicable statute of limitations is ninety days, and plaintiff's complaint was timely filed.

## CONCLUSION

For the foregoing reasons, the Court will deny defendants' motion to dismiss.  A separate order has been posted on this date.


                                                     /s/ John D. Bates  
                                                      JOHN D. BATES  
                                                  United States District Judge


Dated:   June 26, 2006


Copies to:

Jude Chinedu Iweanoge  
THE IWEANOGES' FIRM  
1010 Vermont Avenue, NW  
Suite 600  
Washington, DC 20005  
(202) 347-7026  
Email: jci@iweanogesfirm.com  
      *Counsel for plaintiffs*

Maria L. Merkowitz  
OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA

-5-

441 Fourth Street, NW
Sixth Floor, South
Washington, DC 20001
(202) 442-9842
Fax: (202) 727-3625
Email: maria.merkowitz@dc.gov

*Counsel for defendants*