UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
T.T., et al.,                   )
                                )
        Plaintiffs,             )
                                )
        v.                      )    Civil Action No.
                                     06-0207 (JDB)
DISTRICT OF COLUMBIA, et al.,   )
                                )
        Defendants.             )
_____ )


ANSWER TO THE COMPLAINT


     Paragraph numbers below correspond to the paragraph

numbers in the complaint.

     1. Defendants admit the existence of the statutory

authorities alluded to in paragraph numbered 1, but deny

that jurisdiction is necessarily conferred on the court

solely by reason thereto.

     2.  Defendants admit T.T. is a nine year old child.

The remaining allegations contained in paragraph numbered 2

are conclusions of law and/or fact of the pleader to which

no response is required. If a response is required then the

same are denied.

3. Defendants admit that the District of Columbia is a municipal corporation. The remaining allegations contained in paragraph numbered 3 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

4. Defendants admit Clifford Janey is the Superintendent of the District of Columbia Public Schools. The remaining allegations contained in paragraph numbered 4 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required then the same are denied.

5-6. The allegations contained in paragraphs numbered 5 through 6 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required then the same are denied.

7.   Defendants admit that DCPS convened an MDT meeting on 8/2/05.  The remaining allegations contained in paragraph numbered 7 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required then the same are denied.

8.   Defendants admit that during the 8/2/05 MDT meeting the Plaintiffs requested that T.T. be placed at the Accotink Academy or Kennedy Institute.  The remaining allegations contained in paragraph numbered 8 are

conclusions of law and/or fact of the pleader to which no
response is required. If a response is required then the
same are denied.

9.   Defendants admit that DCPS sent T.T.'s IEP to the
Site Review Consideration Team and that the Site Review
Committee recommended two alternative fulltime placements,
Taft Center and Hamilton Center.  The remaining allegations
contained in paragraph numbered 9 are conclusions of law
and/or fact of the pleader to which no response is
required. If a response is required then the same are
denied.

10.   Defendants admit that on August 25, 2005, the MDT
team reconvened to discuss and determine placement for T.T.
and that DCPS offered both the Hamilton Center and Taft
Center.  The remaining allegations contained in paragraph
numbered 10 are conclusions of law and/or fact of the
pleader to which no response is required. If a response is
required then the same are denied.

11-13. The allegations contained in paragraphs
numbered 11 through 13 are conclusions of law and/or fact
of the pleader to which no response is required. If a
response is required then the same are denied.

14. Defendants admit the allegations contained in
paragraph numbered 14.

15.   Defendants incorporate by reference its answers to paragraphs numbered 1 through 14.

16.   The allegations contained in paragraph numbered 16 are conclusions of law and fact of the pleader to which no response is required. If a response is required then the same are denied.

17. Defendants incorporate by reference its answers to paragraphs numbered 1 through 16.

18.   The allegations contained in paragraph numbered 18 are conclusions of law and fact of the pleader to which no response is required. If a response is required then the same are denied.

19.   Defendants incorporate by reference its answers to paragraphs numbered 1 through 18.

20.   The allegations contained in paragraph numbered 20 are conclusions of law and fact of the pleader to which no response is required. If a response is required then the same are denied.

Further answering the complaint, defendants deny all allegations not specifically admitted or otherwise answered, and all allegations of wrongdoing.

<u>FIRST AFFIRMATIVE DEFENSE</u>

This complaint fails to state a claim upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiffs have failed to exhaust their administrative remedies on all pertinent issues.

<u>THIRD AFFIRMATIVE DEFENSE</u>

The Hearing Officer's Decision was well reasoned and appropriate.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' right to attorney fees and costs are strictly limited.

Respectfully submitted,

ROBERT J. SPAGNOLETTI,
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

<u>/s/ Edward P. Taptich</u>
EDWARD P. TAPTICH [012914]
Chief, Equity Section 2

<u> /s Maria Merkowitz</u>
MARIA MERKOWITZ, [312967]
Assistant Attorney General
Equity Division

441 4th Street, N.W., 6S
Washington, D.C. 20001
(202)442-9842
Fax – (202) 727-3625
Email-maria.merkowitz@dc.gov

June 28. 2006