**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| T.T., *et al* | * |
|        Plaintiff | * |
|  | * |
|    v. | *   Case Number: 06-207(JDB) |
|  | * |
| DISTRICT OF COLUMBIA, *et al* | * |
|        Defendant(s) | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiffs, T.T (hereinafter referred to as Plaintiffs), by and through their attorneys Jude C. Iweanoge and THE IWEANOGES' FIRM, PC hereby moves this Honorable Court to deny defendant's motion for summary judgment. As reasons therefore, Plaintiffs will establish that there exists triable issues of material fact and that Defendant is not entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support thereof, Plaintiffs, incorporate by reference the attached Memorandum of Points and Authorities.

WHEREFORE, Plaintiffs pray this Honorable Court to deny Defendant's Motion for Summary Judgment and enter summary judgment in favor of Plaintiffs as to all counts of the complaint.

Respectfully submitted,
THE IWEANOGES' FIRM, PC

By:_____/S/JudeCIweanoge/s/_____
       Jude C. Iweanoge
       1010 Vermont Avenue, NW, Suite 600
       Washington, D.C. 20005
       Phone: (202) 347-7026
       Fax: (202) 347-7108
       Email: cci@iweanogesfirm.com

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

```
T.T., et al                              *
                  Plaintiff              *
                                         *
         v.                              *   Case Number: 06-207(JDB)
                                         *
DISTRICT OF COLUMBIA, et al              *
                  Defendant(s)           *
*************************************************
```

**MEMORANDA OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

For reasons set forth herein, and in Plaintiffs' motion for summary judgment, defendant is not entitled to summary judgment on any of the counts in Plaintiffs' complaint.

**UNDISPUTED FACTS**

1. The MDT team does not place children outside the schools recommended by Site Review Committee, thus the MDT meeting was limited in their consideration of a wide range of schools available for placement. (Adm. Rec. bates 71, 72, 73, 271-272, 306-308, 335-336).

2. The Special Education Coordinator did not provide DCPS Site Review Committee Plaintiffs' choice of school placement at Accotink and/or Kennedy Institute, thus they were not considered by the Site Review Committee, as required by law. (Adm. Rec. bates 269, 307, 335-36).

3. The Notice of Prior Notice does not contain description of other placement options considered and reasons for rejection of each option. (Adm. Rec. bates 72-73).

4. The MDT placement meeting was held to rubber stamp the decision of the Site Review Committee because the MDT could not deviate from the decision of the Site Review Committee with respect to placement. (Adm. Rec. bates 71, 72, 73, 271-272, 306-308, 319).

5. The site review committee and not the MDT considered and determined that the locations would be appropriate placement and could meet the child's educational need. (Adm. Rec. bates 70, 306, 312)

2

6. DCPS stipulated during the due process hearing on October 31, 2005 that Accotink Academy offers a program that is reasonably calculated to provide educational benefits to T.T. (Adm. Rec. bates 67).

## DISPUTED MATERIAL FACTS

1. The site review committee determined two placements for T.T. without the participation of the special education coordinator and the parent. ((Adm. Rec. bates 329-330, 334).

2. The locations were considered and determined by the site review team and not the MDT that was responsible for making the placement decision. (Adm. Rec. bates 320-322).

3. DCPS was obligated to include parent as part of the team that will determine the placement and consider school of parent's choice but on August 25, 2005, the MDT team convened to offer Norma Gales two placements already determined by the site review committee. (Adm. Rec. bates 70-71, 334, 336).

4. DCPS was obligated to present substantive evidence to show that Hamilton or Taft is an appropriate placement for T.T. ((Adm. Rec. bates 322, 337, 1-355).

5. Plaintiff disputes that the parent only wanted the student to attend Accotink Academy. The parent was prepared to accept any appropriate placement for the student provided she participated in the decision making. (Adm. Rec. bates 329-330, 336-338).

6. Plaintiff disputes that the MDT and not the site review committee discussed and determined placement for the student and determined that the locations would be appropriate placement and could meet the child's educational need. (Adm. Rec. bates 70, 306, 312).

## ARGUMENT

**A. THE COURT SHOULD DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BECAUSE MATERIAL FACTS DO NOT SUPPORT IT'S ARGUMENT.**

Defendants in its motion argue that paragraphs 2, 3, 4, 5, and 7 of Plaintiffs statement of undisputed facts should be stricken for failure to cite to the record. In support of its position defendants rely on <u>Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner</u>, 101 F.3d 145 (D.C. Cir. 1996). However, the facts of <u>Jackson</u> are highly distinguishable from the instant matter. Moreover, the Plaintiffs have cured any procedural defects by re-alleging the relevant paragraphs above under its undisputed by citing to the proper pages of the record that may not have been cited in Plaintiffs motion for summary judgment. As such the Court should deny Defendants request to strike Plaintiffs statement of undisputed facts.

According to 20 U.S.C. §1414(f), "each local educational agency or state educational agency shall ensure that **the parents** of each child with a disability are **members of any group that makes decisions on the educational placement of their child.** In addition, 34 C.F.R. 300.552(a)(1) states that "in determining the educational placement of a child with a disability, . . . . each public agency shall ensure that the placement decision is made by a group of persons, including the parents . . . the meaning of the evaluation date, and the placement options." <u>See also</u> <u>Holland v. District of Columbia</u>, 71 F.3d 417 (D.C. Cir. 1995) (recognizing the IDEA guarantee adequate notice and heavy emphasis on parental involvement).

However, Ms. Gales was not given the opportunity to participate in the decision of her child's placement. According to her testimony she was advised during the August 2, 2005 meeting that another meeting will be held on August 25, 2005, at which time the placement will be discussed and determined. (Adm. Rec. bates 333-334). This is in direct contradiction to the provisions of the statute.

4

Although the defendants would like the Court to believe that the site review committee on recommends schools and the MDT team is vested with the authority to make the final decision, the record of this case shows that the power of the MDT team to make placement decision is constrained. In fact defendants' statement of material facts supports the finding that DCPS issued the Prior Notice of Placement (PNOP) based only on the schools determined by the site review team. Moreover the statement of material fact shows that the schools of parent's choice were not even considered. In Briere v. Fair Haven Grade Sch. Dist., 948 F. Supp. 1242 (1996) the Court found that the team's refusal to discuss options and to consider the parent's choice of placement "inhibited meaningful parental involvement and contravened the letter and the spirit of the statute" and ". . .constituted a flagrant refusal to consider an involved and knowledgeable parent's placement proposal." Id at 1253 – 1254.

Furthermore, defendants argue that they selected an appropriate educational placement for T.T. However, nothing in the record indicates that the team decided that either Hamilton or Taft was an appropriate placement. Defendants have continued to justify their placement decision just like they attempted to do on August 2, 2005 at the MDT meeting when they stated that T.T.'s education needs can still be met at Payne Elementary despite the evidence that showed that she had not progressed at that placement in two years. (Adm. Rec. bates 268, 270). Regarding Hamilton and Taft, infact, the record shows that the special education coordinator only relied on the information provided to her but did not have first hand knowledge of the services available at the two schools. There was no brochure or representative of the schools available to establish the appropriateness of the schools. (Adm. Rec. bates 322, 1-355). The Supreme Court has recognized that because benefits obtainable by children differ, determining what constitutes FAPE requires a fact intensive and child specific inquiry. See Board of

Education of Hendrick Hudson Central School Dist. v. Rowley, 458 U.S. 176, 202 (1982); McKenzie v. Smith, 248 U.S. App. D.C. 387, 771 F.2d 1527, 1531 (D.C. Cir. 1985) (affirming district court's placement decision that took into consideration the student's "individual needs"); Id. at 1534-35 (affirming private placement based on match between a student's needs and the services offered at a particular school).

This is a case about DCPS completely ignoring the parents' role in the decision-making process for placement and in the process ignoring IDEA and The Supreme Court's decisions warranting a reversal of the Hearing Officer's decision.

## CONCLUSION

WHEREFORE, the Plaintiffs respectfully requests this Honorable Court to deny defendant's motion for summary judgment and grant plaintiff's motion for summary judgment and issue an order directing DCPS to place T.T. at Accotink Academy. In addition, plaintiff requests that the Court set aside the HOD as incorrect because it contravenes the spirit of the Act. Furthermore, the court should grant the Plaintiff's request for attorneys' fees and costs for this action and the administrative proceedings.

Respectfully submitted,
THE IWEANOGES' FIRM, PC


By:_____/s/Jude C. Iweanoge/s/_____
  Jude C. Iweanoge
  1010 Vermont Avenue, NW, Suite 600
  Washington, D.C. 20005
  Phone: (202) 347-7026
  Fax: (202) 347-7108
  Email: jci@iweanogesfirm.com

## **CERTIFICATE OF SERVICE**

    I HEREBY certify that copies of the foregoing motion were electronically filed on December 5, 2006, and the court would notify parties using Court's e-file system.

                                                                      */s/Jude C. Iweanoge/s/*
                                                                         Jude C. Iweanoge