UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ ) | | |
| T. T. | ) | |
| (a minor) by her mother | ) | |
| and next friend | | |
| Norma E. Gales, | ) | |
| | | |
| Plaintiffs, | ) | |
| | | |
| v. | ) | Civil Action No. 06-207 (JDB) |
| | | |
| DISTRICT OF COLUMBIA *et al*., | ) | |
| | | |
| Defendants. | ) | |
| _____ | | |

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Come now defendants District of Columbia and Clifford Janey, by and through counsel, and reply to plaintiffs' Opposition to Defendants' Motion for Summary Judgment, Filed December 5, 2006 ("Opposition"), as follows:  In this action plaintiffs seek to reverse an administrative hearing officer's decision finding that DCPS provided the minor plaintiff with a free appropriate public education ("FAPE") on the grounds that the parent allegedly was not given the opportunity to participate in the decision of her child's school placement.  (Opposition at 4)

As previously set forth in defendants' Opposition to plaintiffs' Motion for Summary Judgment and defendants' Cross Motion for Summary Judgment, filed November 9, 2006, the parent was indeed provided with an opportunity to meaningfully participate.

DCPS convened a multidisciplinary team ("MDT") meeting concerning the student on August 2, 2005.  The team consisted of <u>the parent</u>, <u>the student's educational</u>

advocate, a speech pathologist, school psychologist, general education teacher, IEP

developer, an LEA/special coordinator, and a social worker.  (AR at 263).  On that date,

the team developed an individualized educational plan ("IEP") for the student. At the

meeting, the parent suggested that the student needed a full-time placement that has crisis

intervention and a psychologist and staff on site.  (AR at 268)  The MDT/IEP team

agreed to this type of placement.  (AR at 268)

On August 25, 2005, the MDT team, comprised of the parent, her advocate, the

special education coordinator, a school psychologist, speech therapist, social worker and

special education teacher, reconvened to discuss and determine placement for the student.

(AR at 69)  The special education coordinator offered the parent a choice of two full time

therapeutic placements for students with an emotional disturbance.   The special

education coordinator also provided the parent with information on the two programs and

gave the parent the phone number and address of each proposed placement so that the

parent could visit both and determine which of the two she would prefer.  (AR at 307-

309)

Contrary to plaintiffs' allegations in their Opposition that the MDT team was

unfamiliar with either proposed placement, the MDT team was familiar with both.  As

stated in the MDT meeting notes, the team knew that "both have full time social workers

and a psychologist on staff to provide counseling and crisis intervention.  In addition,

both schools offer small settings.  There are no more than 9 students to a class with a

certified special education teacher and an aide."  (AR at 70)  It was these factors, among

others, that led DCPS to conclude that either placement would be appropriate for the

student.

However, the parent only wanted the student to attend Accotink Academy, a private school, where the student had already been accepted. (AR at 314)  The parent informed Ms. Smith, the special education coordinator, that she was not going to visit either of the two DCPS proposed sites and that her child was not going to attend either program. (AR at 309, 314, 318)  The parent did not contact the special education coordinator with a preference for either of the public placements.

DCPS attempted to convene another meeting before making a final placement decision, but was rebuffed by the parent.  Ms. Phaedra Smith, the special education coordinator, contacted the parent and the educational advocate, and also attempted to contact plaintiff's counsel to set up another placement meeting. (AR at 322, 323)  However, because Ms. Smith could not obtain the parent's cooperation, nor reach her counsel, no subsequent placement meeting was held. (AR at 323)  Consequently, the special education coordinator sent a Prior Notice of Placement ("PNOP") to Hamilton Center, one of the two proposed public schools, since it was the closer of the two public schools to the student's home. (AR at 319)

Here, this Court should find, as did the United States Court of Appeals for the District of Columbia Circuit in a recent decision, *Paolella v. District of Columbia* (No. 04-7097, December 6, 2006), (copy attached) that the record reflects that the parent had a meaningful opportunity to participate in the student's placement, and that the placement suggested by DCPS was not predetermined.  In *Paolella,* as here, the parent was involved in the development of the Individualized Education Plan. ("IEP"). As in *Paolella,* the parent and her advocate here informed DCPS of their specific requests.  They also informed DCPS that they preferred a private placement for the student. The fact that the

school the parent preferred was not chosen does not show that the parent did not

participate meaningfully.  *Paolella v. District of Columbia* (No. 04-7097, December 6,

2006 at 2.  *See also Nack v. Orange City Sch. Dist.,* 454 F.3d 604, 610-11 (6th Cir. 2006).

For these reasons and those stated in defendants' Opposition to plaintiffs' Motion

for Summary Judgment and Cross Motion for Summary Judgment, defendants

respectfully request that defendants' Cross Motion for Summary Judgment be granted

and that plaintiffs' Complaint be dismissed.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General
for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2


/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Assistant Attorney General
441 4th Street, N.W.
Sixth Floor North
Washington, DC 20001
(202) 442-9842
E-mail – maria.merkowitz@dc.gov



December 14, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
                                        )
T. T.
(a minor) by her mother       )
and next friend
Norma E. Gales               )

        Plaintiffs,     )

        v.             )    Civil Action No. 06-207 (JDB)

DISTRICT OF COLUMBIA *et al*.  )

        Defendants.    )
_____

**DEFENDANTS' AMENDED STATEMENT OF MATERIAL FACTS THAT
ARE DISPUTED.**

On December 5, 2006, plaintiffs' filed an Opposition to defendants' Motion for

Summary Judgment, including an additional Statement of Undisputed Facts.  Defendants

dispute the following facts.

    **1.**    Defendants dispute plaintiffs' material fact numbered 1.  On August 2,

        2005, DCPS convened a multidisciplinary team ("MDT") meeting on

        behalf of the student at which the team developed an individualized

        educational plan ("IEP") for the student. (AR at 263) The special

        education coordinator forwarded the student's IEP and current evaluations

        to the Site Review Committee for identification of an available placement

        that would meet the student's educational needs as set forth in her IEP.

        (AR at 70) The Site Review Committee does not make placement

decisions.  Its role is to determine a location that fits the criteria outlined in the IEP.  (AR at 327, 321)

2.    Defendants dispute plaintiffs' material fact 2 in so far as it states that the DCPS Site Review Committee is required by law to review a proposed private school placement when it can offer an appropriate public school placement.  Here, the Site Review Committee identified two public school locations that could meet the student's educational needs.  (AR at 70) DCPS offered the proposed placements of the Hamilton Center and Taft Center, complying with 38 D.C. Code §2501(c) which mandates the placement of a child in an appropriate DC public school, before placement in a private school.

3.    Defendants dispute plaintiffs' material fact numbered 3.  The prior notice of placement provides in the "Description and Explanation of agency action proposed or refused" that "the MDT met to review all of the documentation and the following setting was proposed for the student: outside of general education to meet the student's needs."  (AR at 72-73) In the "Description of Other Options Considered and reasons for rejection of each option" it states that "Based on the documentation reviewed by the team at the MDT meeting, it was determined that the student could not be educated in general education setting or continuation of general education/ special ed because of continued school failure."  (AR at 72-73)

4.    Defendants dispute plaintiffs' material fact numbered 4.  The special education coordinator, a participant in the student's MDT meeting,

forwarded the student's IEP and current evaluations to the Site Review

Committee for identification of an available placement that would meet

the student's educational needs as set forth in her IEP.  (AR at 70) The

Site Review Committee responded to the special education coordinator,

naming two alternative available full-time placements for students with

emotional disturbance—Taft Center and Hamilton Center.  (AR at 70)

These locations were considered by the MDT team and found to be

appropriate placements that could meet the child's educational needs.

(AR at 70, 306, 312, 327)

5.     Defendants dispute plaintiffs' material fact numbered 5.  The Site Review

Committee does not make placement decisions.  Its role is to determine a

location that fits the criteria outlined in the IEP.  (AR at 327, 321) Once

the Site Review Committee identifies potential locations those are then

discussed by the MDT team.  (AR at 327)


Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General
for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Assistant Attorney General
441 4th Street, N.W.
Sixth Floor North
Washington, DC 20001
(202) 442-9842
E-mail – maria.merkowitz@dc.gov