# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 04-7097**                                        **September Term, 2006**

JOHN PAOLELLA, SR. FOR MINOR SON JOHN N. PAOLELLA, JR.
APPELLANT

v.

DISTRICT OF COLUMBIA, ET AL.,
APPELLEES

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    DEC    6 2006

CLERK

———

Appeal from the United States District Court
for the District of Columbia
(No. 00cv02836)

———

Before: GINSBURG, *Chief Judge*, and RANDOLPH and ROGERS, *Circuit Judges*.

## <u>J U D G M E N T</u>

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C. Cir. Rule 36(b). It is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed.

In reviewing a special education determination by the D.C. Public Schools ("DCPS"), the district court's role is limited to determining whether (1) the local educational agency has complied with the procedural requirements of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), and (2) whether the IEP developed through the IDEA's procedures is reasonably calculated to enable a child to receive educational benefits. *Bd. of Educ. v. Rowley*, 458 U.S. 176, 200, 206-07 (1982). Specific implementation methodology is within the purview of the state and local educational agencies. *Id.* at 208. On appeal, our review is limited to determining whether the district court's findings of fact are clearly erroneous and whether its conclusions are contrary to law. *Reid v. Dist. of Columbia*, 401 F.3d 516, 522 (D.C. Cir. 2005).

Mr. Paolella, *pro se*, and amicus do not challenge the individual education plan ("IEP") developed by the DCPS for Mr. Paolella's son. Rather, they contend that the district court erred in finding that the District of Columbia complied with the IDEA's procedural requirements for meaningful parent participation and its substantive requirements regarding the specific needs of the eligible child.

The record supports the district court's conclusions that the Paolellas had a meaningful opportunity to participate and that the placement suggested by DCPS was not predetermined. In addition to being involved in the development of the IEP itself, the parents and their special education representative informed DCPS of their specific requests: that the child should receive intensive special education services (level E or F), and that they preferred he remain in the private school he was then attending. In response, DCPS presented evidence from a special education placement specialist and a psychologist who tested the child to explain why they concluded that the child required only parttime special education services (level B) and why one of the public schools could provide those services, including the psychological counseling the child was not receiving at the private school. After visiting the suggested school, the parents disagreed with the DCPS placement decision, principally because of their satisfaction with their son's progress at the private school with supplemental tutoring. This, however, does not show they did not participate meaningfully. *See Honig v. Doe*, 484 U.S. 305, 311-12; *Nack v. Orange City Sch. Dist.*, 454 F.3d 604, 610-11 (6th Cir. 2006). Moreover, to the extent the father and amicus also claim that DCPS did not consider a particular special education program at the private school, there is no basis to overturn the district court's decision not to credit the parents' testimony that they had made this request of DCPS, noting, among other things, that their special education representative, who was present at the hearing, could not recall such a request having been made. *See House v. Bell*, 126 S. Ct. 2064, 2089 (2006).

The record also supports the district court's conclusion that the designated public school could provide the services identified in the IEP. The choice of school was based on DCPS's personal visits to the school, general familiarity with its special education programs and staffing, and knowledge of how those programs could meet the special education needs of the child identified in the IEP. It also reflected the expertise of the special education officials involved, to which a court gives deference. *See Kerkam v. MacKenzie*, 862 F.2d 884, 887 (D.C. Cir. 1988). Although courts "have identified a set of considerations 'relevant' to determining whether a particular placement is appropriate for a particular student, including the nature and severity of the student's disability, the student's specialized educational needs ... and the extent to which the placement represents the least restrictive educational environment," *Branham v. Gov't of Dist. Of Columbia*, 427 F.3d 7, 12 (D.C. Cir. 2005), there is no requirement that, when determining an appropriate placement, a school district must develop, prior to the child's placement in a school, the student's precise daily schedule. Rather, a daily schedule is to be developed by a special education team at the school based on the IEP. Although the Paolellas expressed a preference for the private school and general doubts about DCPS's ability to meet their child's needs, it is undisputed that the public school was conducting a special education program with trained staff in specifically allocated facilities and that the parents were assured that their concerns – for example, about the child's transition to the public school –

**No. 04-7097**                                3                     **September Term, 2006**

could be addressed in several ways. Moreover, while the parents expressed doubt about the school after a visit to the school during the summer recess, neither the father nor amicus claim that the person in charge of the special education program at the school had indicated the school would be unable to provide the services in the IEP; instead, they expressed a preference for the private school based on their satisfaction with their child's progress, even though that setting provided only a single special education class, required supplemental tutoring, and lacked psychological counseling as called for in the IEP. It is undisputed that the public school never had the opportunity to develop a weekly schedule plan for the child, and that the father and the parents' special education representative never showed the school the IEP during their visits. Hence, the district court could properly conclude that DCPS's designation of the public school conformed with IDEA's requirement for a placement that would enable a child to receive some educational benefits.

The father's contention that the Hearing Officer was biased lacks merit. *See Liteky v. United States*, 510 U.S. 540, 544, 551, 556-57 (1994). The Hearing Officer's statements indicating that she wanted to hear both sides of an issue reflect impartiality, not bias. The Hearing Officer was not required to accept either party's evidence at face value. The Hearing Officer's assessments of the evidence do not indicate that the Hearing Officer ruled on the basis of evidence that was not presented at the hearing. A single reference to one participant by her first name, if lamentable, does not show legal bias.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

*Per Curiam*

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

Deputy Clerk